The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701-0336
Dear Representative Dawson:
This is in response to your request, on behalf of the Mayor of Bearden, for an opinion on whether sales and use tax funds levied in a city of the second class can be used to relocate the city library. You have enclosed a copy of a letter from the Mayor of Bearden regarding this question, and a copy of a ballot from the special election at which the tax was approved.
It is my opinion, assuming the sales and use tax is for general city purposes, that the answer to your question is "yes."
It appears from the sample ballot you have enclosed that the tax in question was levied in 1989 for general city purposes. No particular use of the funds is designated in the ballot title, so it is my assumption that this is a general "operating penny" levy. Such funds may be used for any purpose for which the city's general funds may be used. A.C.A. §26-75-217(a) (Repl. 1997). I can find no prohibition against the use of such funds for library purposes, or to "relocate" the library.[1]
One statute that should be mentioned in this regard is A.C.A. § 13-2-501
(Supp. 1997). It was amended in 1997, and authorizes cities of the first class to establish and maintain a city library. The statute, prior to 1997, also authorized cities of the second class to establish such libraries. See Op. Att'y Gen. No. 94-289. The 1997 amendment, however, changed the pertinent language to authorize only cities of the first class to take this action. I have previously concluded, however, that this 1997 act does not require the dissolution of libraries in any city less than a city of the first class and that such libraries remain legal. Op. Att'y Gen. 97-138. That being the case, it follows that cities of the second class are authorized to continue to maintain such libraries. A pre-existing subsection in this statute (A.C.A. §13-2-501(c) (Repl. 1995)), provided that:
 When a library or reading room has been established, the city council or properly constituted municipal authorities may allot, for library purposes, a maximum appropriation of one-half (1/2) mill from the revenue derived from all real and personal property within the city limits to be used exclusively for the maintenance of the library or reading room.
This portion of the statute was amended in 1997, and now reads as follows:
 When a library has been established, the city council or the governing body of the municipality may allot, for library purposes, a prescribed proportion of its municipal revenues to be used exclusively for the maintenance of the library.
A.C.A. § 13-2-501(c) (Supp. 1997).
In my opinion this subsection of the statute has continuing applicability to cities of the second class which lawfully established city libraries under prior law.[2] Second class cities, may, in my opinion, allocate a prescribed proportion of their municipal revenues for "maintenance" of the library.[3]
It is therefore my opinion that the answer to your question is "yes."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] You indicate that the relocation will involve the purchase of a building that will house the library. As noted herein, second class cities are not now authorized to establish city libraries, but in my opinion, may support and maintain ones previously established. I do not find a prohibition against general fund monies, or general sales and use tax monies, being used for support or maintenance of a pre-existing library in a city of the second class. A fact question may arise, however, as to whether the planned relocation involves "maintenance" of the existing library as opposed to the creation of a new library. As long as the library is pre-existing, in my opinion the sales tax dollars you mention may be expended to provide for its housing. The purchase of a different building to house the library is not in my opinion synonymous with the creation of a new library. A library is more than the building that contains it.
[2] Another portion of the statute (subsection (d)), refers to the levy of a millage under Amendment 30 to the Arkansas Constitution, and authorizes cities levying such a millage to also use "any available funds" to support the library. See A.C.A. § 13-2-501(d)(2). It does not appear that subsection (d) of the statute has application to cities of the second class, as Amendment 30 applies only to cities with populations of not less than 5,000.
[3] The purchase of a new building, in my opinion, can be said to fall within the meaning of the term "maintenance." See, e.g., McArthur v.Siloam Springs, 185 Ark. 846, 49 S.W. 1037 (1932) (power to "operate and maintain" a water and light plant includes power to construct new facility on another tract of land).